IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DUSTIN DUERRE,**

      Plaintiff,

                          No. CIV 05-285  JP/LFG

**vs.**

**STATE FARM INSURANCE COMPANY,**

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS

## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Defendant's Motion to Compel Settlement and for Dismissal filed December 9, 2005.  (Doc. 35.)  On February 1, 2006, the Honorable James A. Parker, United States District Judge, referred the matter to me for a report and recommendation.  (Doc. 42.)  I conducted an evidentiary hearing on February 28, 2006, wherein counsel for both Parties testified.  (*See* Doc. 44.)  Having reviewed the Motion and having considered the submissions of the Parties, the affidavits, the oral argument and testimony presented at the evidentiary hearing, relevant authorities, and being otherwise fully advised, I recommend that Defendant's Motion be **DENIED**.

**I.    RECOMMENDED FINDINGS.**

1. On July 21, 2005, Mr. Gerald Bloomfield – counsel for Plaintiff, and Mr. Christopher DeLara – counsel for State Farm, met for an in-person scheduling conference before the Honorable Lorenzo F. Garcia.  (*See* Doc. 24.)

2. At the time of the scheduling conference, Mr. Duerre had not given Mr. Bloomfield the

authority to settle this case for an amount less than $4,000.  (Doc. 38, Ex. 1.)

3. During the scheduling conference, Mr. Bloomfield, in his statement of the case to the Court, alleged that his client had paid approximately $4,000 for the motorcycle and had also added accessories to the motorcycle, thereby bringing its value above the range Defendants had offered to pay.

4. Mr. DeLara reminded Mr. Bloomfield that Mr. Duerre had previously testified under oath that he paid only $3,000 for the motorcycle and that he had not added any accessories to it.

5. Mr. Bloomfield said that if Mr. DeLara's assertions were true, then the case was groundless and he would dismiss it.

6. After the scheduling conference, Mr. DeLara sent Mr. Bloomfield a transcript of Mr. Duerre's examination under oath.  (*See* Doc. 37, Ex. 1.)  The examination under oath was taken by an attorney for State Farm Insurance Company on October 5, 2004.  (*Id.*)  In the examination, Mr. Duerre testified that he paid $3,000 for the motorcycle and that he did not put any additional upgrades on the motorcycle.  (*Id.* at Ex. 1, at 5-6.)[1]

7. Mr. DeLara sent Mr. Bloomfield a check for $3,100.  The check was never cashed and its present whereabouts are unknown.

8. Mr. Bloomfield never responded to Mr. DeLara regarding the transcript or check.

## II. RECOMMENDED CONCLUSIONS.

Based upon the foregoing findings, the Court recommends the following:

9. Mr. Bloomfield did not have actual or express authority to accept an offer of compromise

---

[1] Mr. Duerre's testimony appears on pages 16 and 18 of the transcript.  On page 16, line 12, the transcript reflects that Mr. Duerre testified he paid $2,000 for the motorcycle; this purchase price was later changed to $3,000 when Mr. Duerre corrected his testimony.  (Doc. 27, Ex. 1, at 7.)

made by the Defendant.  "Express authority exists if the principal has delegated authority to the agent by words which expressly authorize the agent to do a delegable act."  12 SAMUEL WILLISTON & RICHARD A. LORD, A TREATISE ON THE LAW OF CONTRACTS § 35:10 (4th ed.) (internal quotation marks and citations omitted).  Mr. Duerre stated in his affidavit that he did not give any such authority to Mr. Bloomfield.  (Doc. 38, Ex. 1.)

10. Mr. Bloomfield did not have apparent authority to accept an offer of settlement at the scheduling conference.  The New Mexico Supreme Court has said that "the mere employment of an attorney does not give him the actual, implied, or apparent authority to compromise his client's case."  *Navajo Tribe of Indians v. Hanosh Chevrolet-Buick, Inc.*, 749 P.2d 90, 92 (N.M. 1988) (citations omitted).  To be bound to any settlement agreement, Mr. Duerre must have held "out his attorney as possessing authority to act on his behalf . . . ."  *Id.*  There is no evidence that Mr. Duerre knowingly permitted Mr. Bloomfield to exercise the authority to accept a settlement offer of less than $4,000.  *See id.* at 93; Doc. 38, Ex. 1.  Consequently, Mr. Bloomfield did not have the apparent authority to bind Mr. Duerre to Defendant's settlement offer.

11. Without a finding that Mr. Bloomfield possessed actual or apparent authority, there can be no binding settlement agreement.

12. I recommend that Defendant's Motion be **DENIED**.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period

if that party wants to have appellate review of the proposed findings and

recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**